IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WILLIAM McHANEY                                                                                    PETITIONER

v.                                     NO. 5:12-cv-00403 DPM/HDY

RAY HOBBS, Director of the                                                                      RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

      The following findings and recommendation have been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

On October 23, 2003, petitioner William McHaney ("McHaney") pled guilty in an Arkansas state trial court to one count of manufacturing a controlled substance, methamphetamine; two counts of possession of drug paraphernalia with the intent to manufacture methamphetamine; and one count of failure to appear. He was sentenced to a term of imprisonment in the custody of Ray Hobbs ("Hobbs"). Because McHaney pled guilty, he was precluded from appealing. See Arkansas Rule of Appellate Procedure-Criminal 1(a). He did not thereafter seek post-conviction relief in the state courts of Arkansas pursuant to Arkansas Rule of Criminal Procedure 37.

On October 1, 2010, McHaney filed a state petition for writ of habeas corpus. He maintained in the petition that the trial court lacked jurisdiction and the judgment and commitment order was invalid. Specifically, he alleged the following:

> Ground One: The trial court lacked jurisdiction to enter [a] judgment of conviction for possession of drug paraphernalia because it is a lesser included offense of manufacture [of] a controlled substance, an offense Petitioner was also convicted of, rendering a conviction for the lesser included offense in excess of the maximum authorized by law and in violation of the prohibition against double jeopardy by the Constitution of the United States and the State of Arkansas. ...

> Ground Two: Petitioner's conviction for manufacture [of] a controlled substance should be vacated pursuant to A.C.A. 5-64-101 (m) because the record is clear that Petitioner manufactured the substance [for] his own use, rendering the commitment invalid on its face in violation of his Fifth Amendment right to the Prohibition against double jeopardy, Sixth Amendment right to effective assistance of counsel, and Fourteenth Amendment right to due process of law. ...

See Document 6, Exhibit C at 2-3, 9. The state trial court judge denied McHaney's petition, and he appealed. During the course of the appeal, he filed a motion to stay the appellate court briefing schedule and a motion for photocopying at public expense. The Arkansas Supreme Court denied the motions and used the occasion of doing so to dismiss his appeal on September 27, 2012, because it was clear that "[he] could not prevail if his appeal were allowed to proceed." See McHaney v. Hobbs, 2012 Ark. 361, 2012 WL 4471136 at 2 (Ark. 2012). The state Supreme Court so found for the following reasons:

> In appellant's petition for writ of habeas corpus, he first argued that the trial court was without jurisdiction to accept [his] guilty plea on, and sentence [him] for, the charges of possession of drug paraphernalia with intent to manufacture methamphetamine, as that charge is a lesser-included offense of manufacturing methamphetamine. This is simply incorrect. … We have consistently held that the possession of drug paraphernalia with the intent to manufacture methamphetamine was not a lesser-included offense of a charge of manufacturing methamphetamine. … A conviction for manufacturing methamphetamine requires the State to prove that a defendant was engaged in the production, preparation, propagation, compounding, conversion, or processing of methamphetamine, whereas possession of drug paraphernalia with intent to manufacture methamphetamine requires no such proof. …
>
> Appellant's second alleged basis for writ of habeas corpus was that the trial court should not have sentenced him for manufacturing a controlled substance, because "the record is clear that [he] manufactured the substance for his own use." However, to obtain a conviction for manufacturing methamphetamine, the State did not need to demonstrate that appellant manufactured the drugs with intent to distribute. … Even appellant's own petition for writ of habeas corpus admits that he manufactured the drugs, which is the crime to which he pled guilty. Such an argument does not call into question the trial court's jurisdiction or establish that the commitment was facially invalid, and it is not grounds for a writ of habeas corpus to issue.

> Finally, we note that appellant's petition asserted additional errors, including allegations of ineffective assistance of counsel and due process. Such allegations are not cognizable in a petition for writ of habeas corpus.
> …

See Id. at 1-2.

On October 18, 2012, McHaney placed his petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 in the prison mail, and it was filed by the Clerk of the Court on October 25, 2012. In the petition, he raised the identical claims he raised in his state petition for writ of habeas corpus, i.e., (1) the trial court lacked jurisdiction to enter a judgment of conviction for possession of drug paraphernalia because it is a lesser-included offense of manufacturing a controlled substance, and (2) his conviction for manufacturing a controlled substance should be vacated because he manufactured the substance for his own use and did not intend to deliver it.

Hobbs filed a response to McHaney's petition. Hobbs maintained in his response that the petition should be dismissed because it is time barred or, alternatively, because the claims contained in the petition are procedurally barred from federal court review.

McHaney filed a reply to Hobbs' response. With regard to Hobbs' assertion that the petition is time barred, McHaney appears to maintain that his claims are so novel they could not have been raised earlier. With regard to Hobbs' assertion that the claims are procedurally barred, McHaney maintained, inter alia, that the state Supreme Court addressed the claims on the merits in dismissing the appeal of his state petition for writ of habeas corpus and the claims are "ripe for federal review." See Document 6 at 2.

The undersigned is not persuaded by Hobbs' assertion of procedural bar as the state Supreme Court addressed McHaney's claims on the merits, albeit in the context of dismissing the appeal of his state petition for writ of habeas corpus. There is, however, merit to Hobbs' assertion of limitations and, for that reason, McHaney's petition should be dismissed. Alternatively, even were his claims considered, they are without merit. The undersigned thus recommends that the petition be dismissed, all requested relief be denied, a certificate of appealability be denied, and judgment be entered for Hobbs.

A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the dates that trigger the commencement of the one year period, only two of which are possibly applicable in this instance.[1] The first date that possibly triggered the commencement of the one year period was "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. 2244(d)(1)(A).

---

1

There are two date that have no possible application in this instance. First, 28 U.S.C. 2244(d)(1)(B) provides that the one year period may commence on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action." That date is not applicable because there was never any impediment to McHaney's filing an application.

Second, 28 U.S.C. 2244(d)(1)(C) provides that the one year period may commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." That date is not applicable because the constitutional rights asserted by McHaney were recognized by the Supreme Court well before he pled guilty in 2003. See Strickland v. Washington, 466 U.S. 668 (1984) (right to effective assistance of counsel); In Re Winship, 397 U.S. 358 (1970) (Due Process requires prosecution to prove each element of offense beyond reasonable doubt); Blockburger v. United States, 284 U.S. 299 (1932) (double jeopardy involves determining whether each offense requires proof of different fact).

McHaney pled guilty on October 23, 2003. Because he did so, he was precluded from appealing. Although a Judgment and Commitment Order was entered on the day he pled guilty, it was subsequently amended on November 25, 2003. See Document 6, Exhibit B. The undersigned finds that the judgment in his state criminal case became final by the conclusion of direct review or the expiration of the time for seeking such review on November 25, 2003.[2] He therefore had one year, or up through November 24, 2004, to file a petition pursuant to 28 U.S.C. 2254. McHaney signed the petition at bar on October 18, 2012, and it was filed by the Clerk of the Court on October 25, 2012. McHaney clearly did not file his petition within the one year period prescribed by 28 U.S.C. 2244(d)(1)(A).

Liberally construing McHaney's pro se reply, he appears to maintain that his claims are so novel they could not have been raised earlier. In light of his assertion, it is possible that the one year period did not commence on November 25, 2003, when the judgment in his state criminal case became final but instead commenced on a second, later date. That date is possibly "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See 28 U.S.C. 2244(d)(1)(D).

The factual predicate of a claim constitutes the "vital facts underlying [the]

---

[2] Although review of a state criminal conviction by the United States Supreme Court is considered direct review of the conviction, the Supreme Court could not have reviewed McHaney's conviction in this instance because its review is limited to judgments of a state court of last resort or of a lower state court if the state court of last resort has denied discretionary review. See Gonzalez v. Thaler, — U.S. —, 132 S.Ct. 641 (2012); King v. Hobbs, 666 F.3d 1132 (8th Cir. 2012).

claim." See Earl v. Fabian, 556 F.3d 717, 725 (8th Cir. 2009) [citation and internal quotations omitted]. The factual predicate of McHaney's claims, i.e., whether possession of drug paraphernalia is a lesser-included offense of manufacturing a controlled substance and whether manufacturing methamphetamine for one's own use is a crime, arose on the day he pled guilty and was sentenced, that being, October 23, 2003. There was nothing that prevented him from discovering these facts through the exercise of due diligence. Moreover, there is nothing novel about the claims. They, or claims like them, have been litigated for years. The undersigned finds that 28 U.S.C. 2244(d)(1)(D) did not extend the one year period past the November 25, 2003, deadline of 28 U.S.C. 2244(d)(1)(A).

Given the foregoing, McHaney's petition should be dismissed as time barred unless he can show some justification for tolling the limitations period. See Finch v. Miller, 491 F.3d 424 (8th Cir. 2007). "'To be entitled to equitable tolling, [he] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Id. at 427 [quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)]. The application of the equitable tolling doctrine is proper only when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time,'" see Id. [quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)], and is "an exceedingly narrow window of relief,'" see Id. at 428 [quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)].

The undersigned has examined McHaney's submissions. Liberally construing them,

he appears to advance two justifications for tolling the one year period. First, he maintains that his attorney was ineffective. Accepting his representation as true, the undersigned notes that "[i]neffective assistance of counsel generally does not warrant equitable tolling." See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002). Instead, something more is required, such as an affirmative misrepresentation by counsel that lulled a petitioner into inaction. See Id. McHaney makes no such assertion.

Second, McHaney maintains that he is actually innocent. Assuming, without deciding, that actual innocence will excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254, he has failed to come forward with "new evidence of factual innocence." See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring). Thus, his assertion has no merit.

The undersigned finds that McHaney filed the petition at bar after the expiration of the one year period. Because he has offered no justification for tolling that period, his petition is barred by limitations and should be dismissed for that reason. Alternatively, even were his claims considered, they are without merit.

McHaney first maintains that the trial court lacked jurisdiction to enter a judgment of conviction for possession of drug paraphernalia because the offense is a lesser-included offense of manufacturing a controlled substance. As the undersigned has noted, he raised the identical claim in his state petition for writ of habeas corpus. The state Supreme Court considered and rejected the claim in dismissing the appeal of his state petition for writ of habeas corpus, finding that possession of drug paraphernalia with the

intent to manufacture methamphetamine is not a lesser-included offense of a charge of manufacturing methamphetamine because the latter offense requires proof of "production, preparation, propagation, compounding, conversion, or processing," whereas the former offense requires no such proof.

The undersigned finds that the state Supreme Court's adjudication of McHaney's double jeopardy claim did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. See 28 U.S.C. 2254(d)(1). Although the state Supreme Court did not specifically cite federal law, the failure of the state Supreme Court to do so is not problematic as neither the court's reasoning nor result contradict federal law. What is federal law? It is the "same elements" test articulated in Blockburger v. United States, 284 U.S. 299 (1932).[3] The state Supreme Court's decision is consistent with, and a reasonable application of, the "same elements" test as the court used a substantially similar test in reviewing McHaney's claim. The undersigned additionally finds that the state Supreme Court's adjudication of the claim did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. 2254(d)(2).

McHaney additionally maintains that his conviction for manufacturing a controlled substance should be vacated because he manufactured the substance for his own use and

---

[3] The "same elements test" is as follows: "... where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." See Blockburger v. United States, 284 U.S. 304. See also United States v. Grimes, — F.3d —, 2012 WL 6633864 (8th Cir. 2012).

did not intend to deliver it. As the undersigned has noted, he raised the identical claim in his state petition for writ of habeas corpus. The state Supreme Court considered and rejected the claim in dismissing the appeal of his state petition for writ of habeas corpus, finding that a conviction for manufacturing methamphetamine does not require the State to prove intent to distribute. The undersigned finds that the state Supreme Court's adjudication of McHaney's claim did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law nor result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

On the basis of the foregoing, the undersigned finds that McHaney's petition is time barred and should be dismissed for that reason. Alternatively, even were his claims considered, they are without merit. The undersigned therefore recommends that his petition be dismissed, all requested relief be denied, a certificate of appealability be denied, and judgment be entered for Hobbs.

DATED this ___7___ day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE